1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  GARY D. EASLEY,                                  )   No. C 09-5755 LHK (PR)
                                                     )
12            Plaintiff,                              )   ORDER GRANTING MOTION TO
                                                     )   PROCEED IN FORMA PAUPERIS;
13      v.                                           )   STAYING PROCEEDINGS;
                                                     )   DIRECTING CLERK TO
14  COUNTY OF SAN BENITO, SAN                         )   ADMINISTRATIVELY CLOSE
    BENITO SHERIFF'S DEPARTMENT,                      )   THE CASE
15  RAMON MENDOZA, DEPUTY                             )
    JUREVICH, and CURTIS J. HILL,                     )
16                                                   )
              Defendants.                             )
17  _____ )

18          Plaintiff, formerly housed at the San Jose Jail and proceeding *pro se*, filed a civil rights

19  complaint pursuant to 42 U.S.C. § 1983 alleging that various San Benito County officials

20  violated his constitutional rights.  Plaintiff alleges that on December 11, 2008, Defendants

21  engaged in the false arrest of Plaintiff and illegally searched his car, resulting in a variety of civil

22  rights violations.  Plaintiff seeks money damages and requests that the Court stay this action

23  while his criminal proceedings are ongoing.  For the reasons stated below, the Court STAYS this

24  action.

25                                        **DISCUSSION**

26  A.      Standard of Review

27          A federal court must conduct a preliminary screening in any case in which a prisoner

28

Order Granting Motion to Proceed In Forma Pauperis; Staying Proceedings; Directing Clerk to Administratively
Close the Case
P:\PRO-SE\SJ.LHK\CR.09\Easley755pre.stay.wpd

1   seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

2   28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss

3   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

4   seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

5   § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

6   *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

7       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

8   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

9   the alleged violation was committed by a person acting under the color of state law.  *See West v.*

10  *Atkins*, 487 U.S. 42, 48 (1988).

11  B.   <u>Analysis</u>

12      Plaintiff seeks damages for his allegations of false arrest, an illegal search and seizure,

13  conspiracy, and municipal liability.  The United States Supreme Court has held that to recover

14  damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused

15  by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983  plaintiff

16  must prove that the conviction or sentence has been reversed on direct appeal, expunged by

17  executive order, declared invalid by a state tribunal authorized to make such determination, or

18  called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*,

19  512 U.S. 477, 486-487 (1994).

20      The Ninth Circuit has extended *Heck* beyond the context of convictions to hold that it

21  applies to claims challenging the validity of an arrest, prosecution or conviction, such as those

22  plaintiff presents here.  *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck*

23  barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police

24  officers to bring false charges).  However, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the

25  United States Supreme Court held that the "*Heck* rule for deferred accrual is called into play only

26  when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an

27  'outstanding criminal judgment.'"  *Id.* at 393 (quoting *Heck*, 512 U.S. at 486-87).  The Court

28

Order Granting Motion to Proceed In Forma Pauperis; Staying Proceedings; Directing Clerk to Administratively
Close the Case
P:\PRO-SE\SJ.LHK\CR.09\Easley755pre.stay.wpd      2

1  stated that the contention that "an action which would impugn *an anticipated future conviction*
2  cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and
3  rejected it.  *Id.* at 393 (italics in original).  Although the Court was only considering when the
4  statute of limitations began running on a false arrest/false imprisonment claim, the discussion
5  quoted above means that *Heck* does not apply if plaintiff has only been arrested or charged, not
6  convicted, which is the case here.

7         In *Wallace* the Court said that if a plaintiff files a § 1983 false arrest claim before he or
8  she is convicted, or files any other claim related to rulings that likely will be made in a pending
9  or anticipated criminal trial, it is within the power, and accords with common practice, to stay
10 the civil action until the criminal case or the likelihood of a criminal case is ended.  *Id.*  If the
11 plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck*
12 requires dismissal; otherwise, the case may proceed.  *Id.*

13        After *Wallace*, the Ninth Circuit's holding that Heck applies to cases directed to pending
14 criminal charges is limited to the situation where there is an extant conviction at the time the
15 federal case is filed.  In cases such as this one, where there is no extant conviction, it is
16 appropriate to follow the Supreme Court's suggestion and stay the case.

17        This case is STAYED pending resolution of the criminal charges against Plaintiff.  If
18 Plaintiff desires to continue with this case after disposition of the criminal charges against him,
19 he must request that the stay be lifted **within thirty days** of disposition of the criminal charges
20 or **within thirty days** of the filing date of this order -- whichever is earliest -- unless an appeal is
21 filed.  If he appeals, any request to lift the stay must be filed **within thirty days** of completion of
22 the appellate process.  Failure to comply with these deadlines may result in the dismissal of this
23 action.

24        If the stay is lifted, and the Court finds Plaintiff's claims would impugn the validity of his
25 conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will
26 proceed at that time, absent some other bar to suit.  *See Wallace*, 549 U.S. at 394.  Leave to
27 proceed in forma pauperis is GRANTED. (Docket Nos. 7, 12.)  The Clerk of the Court is hereby
28

Order Granting Motion to Proceed In Forma Pauperis; Staying Proceedings; Directing Clerk to Administratively
Close the Case
P:\PRO-SE\SJ.LHK\CR.09\Easley755pre.stay.wpd         3

1  directed to ADMINISTRATIVELY CLOSE the case.

2                                   **CONCLUSION**

3          For the foregoing reasons, this action is hereby STAYED. The Clerk of the Court shall

4  administratively close the case until further order from the Court.

5          IT IS SO ORDERED.

6  DATED:   8/30/2010          _____

7                                   LUCY H. KOH
                                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion to Proceed In Forma Pauperis; Staying Proceedings; Directing Clerk to Administratively
Close the Case
P:\PRO-SE\SJ.LHK\CR.09\Easley755pre.stay.wpd          4