IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PERRY,<br><br>    Plaintiff,<br><br>  v.<br><br>SUSAN PIDO, et al.,<br><br>    Defendants. | No. C 10-2548 LHK (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

    Plaintiff, a state prisoner proceeding *pro se*, filed a third amended civil rights complaint[1] pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. For the reasons stated below, the Court dismisses the third amended complaint with leave to amend.

**BACKGROUND**

    Plaintiff alleges that the Defendant doctors violated a plethora of California state regulations and professional standards of conduct by failing to adequately treat his coccidioidmycosis. Plaintiff also states that on some unspecified date, he wrote a letter to Defendant J. Clark Kelso, the Receiver at the California Prison Health Services regarding his inadequate medical care. Plaintiff alleges that Kelso "avoided" his statement and did nothing to

---

[1] Plaintiff filed an original complaint on June 9, 2010, an amended complaint on June 11, 2010, and a second amended complaint on June 22, 2010. On August 30, 2010, the Court dismissed the second amended complaint with leave to amend. On September 29, 2010, Plaintiff filed the underlying third amended complaint.

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Perry548dwla2.wpd

1 investigate Plaintiff's complaints.

## DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

As in his second amended complaint, Plaintiff repeatedly alleges that the Defendants were "professionally negligent." It is well-known that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004). To state a claim arising under federal law, it must be clear from the face of Plaintiff's well-pleaded complaint that there is a federal question. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997). Here, as in Plaintiff's previous complaints, Plaintiff does not appear to present a federal question.

In the Court's first dismissal with leave to amend, the Court advised Plaintiff that he needed to provide sufficient information necessary to determine whether an Eighth Amendment claim has been stated against any Defendant. "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56, (2007) (citations omitted). A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In Plaintiff's third amended complaint, he still fails to specifically state what each defendant did and how those actions or inactions rise to the level of an Eighth Amendment violation. Without this basic information, the Plaintiff's case must be dismissed. The Court will give Plaintiff one final opportunity to specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim. **Plaintiff is cautioned against stating legal conclusions without any factual support.**

In the fourth amended complaint, in order to state a claim for relief, Plaintiff must allege facts demonstrating that acts by *each* named Defendant deprived him of a protected right. He may not allege in summary fashion that his constitutional rights were violated. As Plaintiff's third amended complaint currently reads, for example, Plaintiff alleges that Dr. Susan Pido was deliberately indifferent to Plaintiff's medical needs regarding treatment of his coccidioidmycosis. However, Plaintiff does not proffer what the circumstances surrounding those needs were or what Pido's response to those needs were. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (noting that a determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). In Plaintiff's fourth amended complaint, he must allege facts which support each element of each theory of liability. For example, Plaintiff must state what his serious medical needs were, what each Defendant did or did not do in response to those needs, and what, if any, harm resulted. *See McGuckin*, 974 F.2d at 1060. **Thus, the fourth amended complaint must indicate which specific, named Defendant(s) was involved in each cause of action, what each Defendant did, what effect this had on Plaintiff, and what federal right Plaintiff alleges was violated.**

**CONCLUSION**

1. Plaintiff's third amended complaint is DISMISSED with leave to amend.

2. Plaintiff shall file a FOURTH AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 10-2548 LHK (PR)) and the words FOURTH AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file a fourth amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   11/24/2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge