1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   GREGORY PERRY,                         )    No. C 10-2548 LHK (PR)
                                            )
12              Plaintiff,                  )    ORDER OF PARTIAL
                                            )    DISMISSAL; ORDER OF
13        v.                                )    SERVICE; DIRECTING
                                            )    DEFENDANTS TO FILE
14   SUSAN PIDO, et al.,                    )    DISPOSITIVE MOTION OR
                                            )    NOTICE REGARDING SUCH
15              Defendants.                 )    MOTION
                                            )
16

17        Plaintiff, a state prisoner proceeding *pro se*, filed a fourth amended civil rights complaint

18   pursuant to 42 U.S.C. § 1983, alleging that prison officials were deliberately indifferent to his

19   serious medical needs. For the reasons stated below, the Court will dismiss one defendant and

20   order service upon the remaining defendants.

21                                          **DISCUSSION**

22   A.   Standard of Review

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24   seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

25   28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss

26   any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27   seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

28   §1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Perry548srv.wpd

*Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. Liberally construing Plaintiff's fourth amended complaint, Plaintiff alleges that Defendants Pido, Kalisher, Jardini, and Kelso were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

Plaintiff also alleges that Defendant Dr. Richard Mack-Do prescribed tylenol codeine and medical accommodations that Plaintiff needed for his condition. However, Plaintiff claims that Mack-Do failed to tell an outside medical specialist about the nature of Plaintiff's lab results and the treatment being given to him while at Salinas Valley State Prison. Plaintiff's states that because of Mack-Do's negligence, he suffered more pain and had to be escorted repeatedly out of the facility for follow up treatment.

As the Court stated previously in its August 30, 2010 order of dismissal with leave to amend, a claim of medical malpractice or negligence is insufficient to constitute a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence);

*O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain). Plaintiff's claim against Mack-Do is one of negligence, and fails to state a cognizable constitutional claim. Because the Court warned Plaintiff in its November 24, 2010 order of dismissal with leave to amend that this was his last opportunity to specifically identify what each Defendant did or did not do in order to state a cognizable claim, the Court concludes that a third dismissal with leave to amend would be futile. Accordingly, Defendant Mack-Do is DISMISSED without leave to amend.

## CONCLUSION

1.  Defendant Mack-Do is DISMISSED without leave to amend.

2.  The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the fourth amended complaint in this matter (docket no. 20), all attachments thereto, and copies of this order on **Dr. Susan Pido** at **Pleasant Valley State Prison; Dr. Glorida Kalisher** at **Soledad State Prison**; **Dr. Daniel Jardini** at **Salinas Valley State Prison;** and **J. Clark Kelso** at **Prison Health Care Services** in **Sacramento**. The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the fourth amended complaint to the California Attorney General's Office.

3.  No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

   a.  If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor</u>**

1 **qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**
2 **that this case cannot be resolved by summary judgment, they shall so inform the Court**
3 **prior to the date the summary judgment motion is due.**

        4.       Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

        a.       In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted, and the case dismissed.

        b.       In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

   5. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

   7. All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

   8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

   For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendant's counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some</u>

1  or all of the discovery Plaintiff might seek.  In addition, no motion to compel will be considered
2  by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
3  Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to meet and confer
4  with Defendants in person.  Rather, if his discovery requests are denied, and he intends to seek a
5  motion to compel, he must send a letter to Defendants to that effect, offering them one last
6  opportunity to provide him with the sought-after information.

7       9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
8  and all parties informed of any change of address and must comply with the Court's orders in a
9  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
10 pursuant to Federal Rule of Civil Procedure 41(b).

11      IT IS SO ORDERED.

12 DATED:   1/31/11                                    _____
                                                                      LUCY H. KOH
13                                                                    United States District Judge

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Perry548srv.wpd             6