1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY PERRY,                    )     No. C 10-2548 LHK (PR)
                                  )
                Plaintiff,        )     ORDER DIRECTING
                                  )     PLAINTIFF TO LOCATE
        v.                        )     UNSERVED DEFENDANTS
                                  )
SUSAN PIDO, et al.,               )
                                  )
                Defendants.       )
                                  )

    Plaintiff, a state prisoner proceeding *pro se*, filed a fourth amended civil rights complaint

pursuant to 42 U.S.C. § 1983.  On January 31, 2011, the Court issued an order of service

directing the Clerk of the Court to issue summonses on Defendants Susan Pido, Gloria Kalisher,

Daniel Jardini, and J. Clark Kelso.  On March 1, 2011, the summons was returned unexecuted as

to Defendant Doctor Daniel Jardini.  On March 23, 2011, the summons was returned unexecuted

as to Defendant Susan Pido.

    Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a

showing of "good cause," is subject to dismissal without prejudice as to the unserved

Defendants.  *See* Fed. R. Civ. P. 4(m).  In cases wherein the Plaintiff proceeds in forma pauperis,

the "officers of the court shall issue and serve all process."  28 U.S.C. § 1915(d).  The Court

must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon

order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d

1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal.  *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided Marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not yet provided sufficient information to allow the Marshal to locate and serve Defendants Jardini and Pido, Plaintiff must remedy the situation or face dismissal of his claims against said Defendants without prejudice.  *See Walker*, 14 F.3d at 1421-22.  Accordingly, Plaintiff must provide the Court with accurate and current information for Defendants Jardini and Pido such that the Marshal is able to effect service upon them.  **Failure to do so within thirty days of the date this order is filed will result in the dismissal without prejudice of the claims against Defendants Jardini and Pido**.

IT IS SO ORDERED.

DATED: ___4/28/11_____

LUCY H. KOH
United States District Judge